STATE of Tennessee, Appellee,

v.

Freeman TROUT, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 6, 1984.

William M. Leech, Jr., Atty. Gen. and Reporter, John F. Southworth, Jr., Asst. Atty. Gen., Nashville, for appellee.

Sue A. Berry, Oak Ridge, for appellant.

## OPINION

O'BRIEN, Judge.

Freeman Trout appeals denial of relief under a writ of habeas corpus filed in Roane County Criminal Court.

Appellant was sentenced to serve two (2) concurrent eleven month and twenty-nine day sentences for misdemeanor offenses in Cause Nos. 7450–7615. At a probation hearing the trial judge directed that de-fendant was to serve six months in the Roane County Jail less credit for four months jail time.

As nearly as can be determined from this record appellant was sentenced on September 26, 1983. He was released on November 24, 1983, having served sixty days after his sentence was pronounced. In the interval, on October 18, 1983, he filed a pro se petition for writ of habeas corpus alleging that his sentence would have expired on October 14, 1983, if he had been given proper credit for good time on his jail sentence. We find no merit to this contention.

T.C.A. Sec. 40–35–302(b), on which appellant argued in the trial court, provides only, as it applies in this case, that he be entitled to pretrial jail credit. The statute otherwise provides a defendant shall be responsible for the entire sentence undiminished by any other sentence credits except those enumerated in the statute. The trial judge gave appellant credit for four months jail time.

T.C.A. Sec. 41–2–111, which defense counsel argues in this Court, gives a defendant sentenced to the county jail or workhouse for any period of time less than one (1) year, credit equal to one-quarter (¼) of his sentence, for good behavior. Appellant concedes there was no constitutional violation. We hold there was no statutory infraction and the trial judge properly imposed sentence under T.C.A. Sec. 40–35–302.

Appellant questions whether his release from custody renders moot his appeal from denial of his petition for writ of habeas corpus. He was released from custody on November 24, 1983. He served his sentence in full as imposed by the trial judge and was released, after being given credit for his pretrial detention. The trial judge made it clear in granting probation that it was his intent defendant was to serve the full six months of the sentence imposed, less jail time. Appellant accepted the conditions of the probation. In doing so he waived any right to any further deductions

from the sentence imposed by the court. The order of the trial court in dismissing the petition for writ of habeas corpus was correct.

The appeal is dismissed.

TATUM and BYERS, JJ., concur.